CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 11 2005

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROY M. TERRY, JR., *et al.*, | CIVIL ACTION No. 3:04CV00085 |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| MODERN INVESTMENT COMPANY LIMITED, *et al.*, | |
| Defendants. | JUDGE JAMES H. MICHAEL, JR. |

Before the court are the defendants' Motion to Quash Service of Process and Dismiss for Lack of Personal Jurisdiction, filed on February 16, 2005, and the Receiver's response thereto. The defendants seek to quash service of process under Rule 12(b)(5) and dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction over the defendants. Alternatively, the defendants ask the court to dismiss the complaint under 28 U.S.C. § 1404 on the basis of *forum non conveniens*. For the reasons below, the court will deny the motion in its entirety.

## I. Facts

From 1998 to 2001, Terry L. Dowdell created and operated a class Ponzi scheme, defrauding would-be investors of millions of dollars. To facilitate recovery of these losses, this court appointed Roy M. Terry, Jr. and the law firm of DurretteBradshaw PLC as Receiver for Terry L. Dowdell and his various business entities.[1] The Receiver filed this action against Modern Investment Company, Ltd., Kevin O'Keefe, Karen O'Keefe, and Collin O'Keefe on

---

[1] For additional information on Dowdell's fraud scheme and the appointment of the Receiver, see *Terry v. Virginia June*, No. 3:03CV00047, 2003 U.S. Dist. LEXIS 12873 (W.D. Va. July 21, 2003); *Terry v. Robert June, Sr.*, No. 3:03CV00052, 2003 U.S. Dist. LEXIS 16080 (W.D. Va. Sept. 12, 2003).

October 27, 2004, seeking to recover funds in excess of $1.3 million dollars that the Receiver alleges were fraudulently transferred from Dowdell's Vavasseur Corporation to the defendants, and from defendant Modern Investment to the O'Keefes.

## II. Personal Jurisdiction

The defendants argue that this court may not exercise personal jurisdiction over them under Virginia's long-arm statute, because they have never transacted any business in Virginia. Va. Code Ann. § 8.01-328.1(A)(1). The Receiver does not dispute this position, but rather asserts jurisdiction under 28 U.S.C. §§ 754 and 1692. The defendants concede that personal jurisdiction may be authorized by federal statute, even in the absence of minimum contacts, and that personal jurisdiction in this case could be based on 28 U.S.C. §§ 754 and 1692 and Federal Rule of Civil Procedure 4(k)(1)(D). Indeed, this court has previously held in cases related to this one that these statutes, working together, allow this court to exercise personal jurisdiction over out-of-state defendants sued by the Receiver to recover assets in connection with the Dowdell fraud scheme, as long as the procedural requirements of 28 U.S.C. §§ 754 and 1692 have been met, and so long as jurisdiction is compatible with due process. *See Terry v. Dempsey*, No. 3:04CV00040, 2004 U.S. Dist. LEXIS 26733 (W.D. Va. Nov. 12, 2004); *Terry v. Robert June, Sr.*, No. 3:03CV00052, 2003 U.S. Dist. LEXIS 16080 (W.D. Va. Sept. 12, 2003); *Terry v. Virginia June*, No. 3:03CV00047, 2003 U.S. Dist. LEXIS 12873 (W.D. Va. July 21, 2003).

The defendants argue, however, that these statutes do not allow personal jurisdiction in this case, because the Receiver failed to file his order of appointment in the United States District Court for the Eastern District of Michigan, where the defendants' property is located, within ten

2

days after the entry of the Receiver's order of appointment, as required by 28 U.S.C. § 754. "The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district." 28 U.S.C. § 754. By orders entered on July 12, 2002, September 17, 2002, and February 18, 2003, this court appointed Roy M. Terry, Jr. and the law firm of DurretteBradshaw as the Receiver for Terry L. Dowdell; Dowdell, Dutcher & Associates; Emerged Market Securities, DE-LLC; Authorized Auto Services, Inc.; and Vavasseur Corporation. (These orders are docketed in the main case, *SEC v. Terry Dowdell*, No. 3:01CV00116). None of these orders of appointment was filed in the Eastern District of Michigan. On May 14, 2003, this court entered an Order Reappointing Receiver, which reappointed Mr. Terry and DurretteBradshaw as Receiver over the same receivership entities. The defendants do not dispute that on May 23, 2003, fewer than ten days after its entry, the Order Reappointing Receiver was filed by the Receiver in the United States District Court for the Eastern District of Michigan, Detroit Division. The defendants contend, however, that an order of reappointment only restarts the ten-day filing period where there are "extraordinary circumstances," which they claim are not present here, citing *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 290 (D.C. Cir. 1996); *SEC v. Heartland Group, Inc.*, No. 01-C-1984, 2003 WL 21000363, at *5 (N.D. Ill. 2003). Consequently, the defendants believe that the court should not have entered the Order Reappointing Receiver on May 14, 2003.

This court addressed an identical objection to the same Order Reappointing Receiver in *Terry v. Virginia June* and *Terry v. Robert June, Sr.* In those cases, this court held that an order of reappointment renews the ten-day filing deadline from 28 U.S.C. § 754. *Terry v. Virginia*

3

*June*, 2003 U.S. Dist. LEXIS 12873, at *9; *Terry v. Robert June, Sr.*, 2003 U.S. Dist. LEXIS 16080, at *9. The cases cited by the defendants – *SEC v. Vision Communications* and *SEC v. Heartland Group* – are actually strong authority for the Receiver's position, and this court cited them in its *June* decisions. While the courts in those cases did hold that failure to comply with the procedural requirements of § 754 can rarely be excused, in *Vision Communications* the receiver filed the order two months after his appointment, and in *Heartland Group* the receiver failed to file an appointment order *at all*. In fact, the courts in both cases held that a receiver may comply with the § 754 requirements by obtaining an order of reappointment and then filing the order and the complaint within ten days from the entry of the order of reappointment, even without extraordinary circumstances. *SEC v. Vision Communications, Inc.*, 74 F.3d at 290-91; *SEC v. Heartland Group, Inc.*, 2003 WL 21000363, at *5.

The defendants suggest that they were not provided adequate notice of the complaint and the appointment of the Receiver, because the order of reappointment, according to the defendants, was for the purpose of filing § 754 notices in the district courts of California, Connecticut, the District of Columbia, Arizona, Utah, and Massachusetts.[2] As this court has previously held, the fact that the Receiver's Motion for Order Reappointing Receiver failed to name Michigan as one of the states in which receivership property was purportedly located is not relevant. Regardless of what the Receiver's motion stated, once the Order Reappointing Receiver was filed in the Eastern District of Michigan on May 23, 2003, the defendants were on

---

[2] The defendants refer here to the "Order of Appointment," but the context suggests that they mean the May 14, 2003 Order Reappointing Receiver.

4

notice. *Terry v. Virginia June*, 2003 U.S. Dist. LEXIS 12873, at *9-10; *Terry v. Robert June, Sr.*, 2003 U.S. Dist. LEXIS 16080, at *9-10. Notice of the appointment or reappointment is provided not through the Receiver's motion, but through the Receiver's compliance with the procedural requirements of 28 U.S.C. § 754.

Finally, the defendants contend that the exercise of personal jurisdiction under 28 U.S.C. §§ 754 and 1692 would violate their Fifth Amendment due process rights. This court has addressed this issue in its opinions in *Terry v. Dempsey*, 2004 U.S. Dist. LEXIS 26733, at* 9-10; *Terry v. Robert June, Sr.*, 2003 U.S. Dist. LEXIS 16080, at *11-13; and *Terry v. Virginia June*, 2003 U.S. Dist. LEXIS 12873, at *11-13. As in those cases, the court finds that the assertion of personal jurisdiction over the defendants here is consistent with due process. As this court explained in *Terry v. Dempsey*: "While federal statutes authorize *in personam* jurisdiction in this case, the court may only exercise this jurisdiction 'so long as the assertion of jurisdiction over the defendant is compatible with due process.' The due process requirement is satisfied if jurisdiction is not so extremely inconvenient or unfair that it outweighs the congressionally articulated policy of allowing personal jurisdiction. Here . . . this court finds no evidence of such 'extreme inconvenience or unfairness' as would outweigh the 'congressional policy behind the authorization of nationwide service of process provided by section 1692.'" *Terry v. Dempsey*, 2004 U.S. Dist. LEXIS 26733, at *9-10 (citations omitted).

Therefore, pursuant to Federal Rule of Civil Procedure 4(k)(1)(D) and 28 U.S.C. §§ 754 and 1692, this court may properly exercise personal jurisdiction over the defendants in this matter, and process was properly served upon the defendants.

5

### III. 28 U.S.C. § 1404 and forum non conveniens

The defendants move the court to dismiss the complaint "under 28 U.S.C. § 1404 on the basis of forum non conveniens . . . ." The defendants assert that the exercise of personal jurisdiction under the receivership statutes would violate 28 U.S.C. § 1404. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." At the outset, the court notes several technical problems with the formulation of the defendants' request. First, 28 U.S.C. § 1404, which is entitled "Change of Venue," does not provide for the dismissal of a case, as the defendants request, but rather for transfer to a more convenient forum. Second, § 1404 applies where jurisdiction and venue in the current forum are proper, as is the case here, but where a party claims that another venue would be more convenient. Thus, it is inappropriate to use § 1404 to challenge a court's jurisdiction. Third, because the decision to transfer under § 1404 is discretionary, § 1404 cannot be "violated." Finally, while 28 U.S.C. § 1404, originally enacted in 1948, has been described as a codification of the common law doctrine of *forum non conveniens*, the two are technically distinct. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Piper Aircraft v. Reyno*, 454 U.S. 235, 253, 258 n.26 (1981). Not only does § 1404 provide for transfer rather than dismissal when another federal court would be more convenient, it seems to allow courts to grant transfers more freely than they could grant dismissals under *forum non conveniens*. *Norwood*, 349 U.S. at 32; Wright, Miller, & Cooper, Federal Practice and Procedure § 3847, at 373 (2d Ed. 1986). In the federal courts, cases should only be dismissed under *forum non conveniens* when the more convenient forum is in a foreign

6

country or possibly in a state court; if the more convenient forum is another federal court, then § 1404 applies. *Id.* at § 3828, at 279-80.

Therefore, the court construes the defendants' motion as a request to transfer this case to a federal district court in Michigan under 28 U.S.C. § 1404(a). That statute specifies that, when deciding whether to transfer a case, courts are to consider the convenience of the parties and witnesses, and the interests of justice. These factors are quite general, and the statute provides no further guidance on how they should be weighed. Much turns on the facts of each case, and a trial court should consider all relevant factors in order to determine whether a transfer would be more convenient and more consistent with the interests of justice. *See* Wright, Miller, & Cooper, *supra*, § 3847. The Supreme Court, even while emphasizing that § 1404 and *forum non conveniens* are not the same, has suggested that the specific factors to be considered were not changed by the enactment of § 1404. *Norwood*, 349 U.S. at 32. Thus, courts deciding motions under § 1404 have continued to use the factors cited by the Supreme Court as relevant to *forum non conveniens* determinations, namely: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the cost of obtaining attendance of willing witnesses; (5) the possibility of viewing premises, if applicable; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9 (1947). Whether to transfer a matter to another district under § 1404 is committed to the discretion of the trial court. *In re Ralston Purina Co.*, 726 F.2d

1002, 1005 (4th Cir. 1984).

Because the court must give substantial weight to the Receiver's choice of forum, the defendants bear the burden of proving that convenience and justice are strongly in favor of transfer to another forum. *See Sohns v. Dahl*, 392 F. Supp. 1208, 1217 (W.D. Va. 1975) (Dalton, J.); *Medicenters of America, Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974) (Merhige, J.). Here, the Receiver's authority to serve process nationwide pursuant to 28 U.S.C. §§ 754 and 1692 suggests that Congress intended a federal receiver's choice of forum to carry particular weight. *Cf. SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 74 (D. Conn. 1988) (holding that plaintiff's choice of forum is to be given particular weight where the choice was made under a special venue statute, such as Section 27(a) of the Securities Exchange Act).

The court recognizes that the inconvenience to the defendants that would be caused by litigating this case in Virginia is potentially significant, since they reside in Michigan. In addition, the defendants' motion claims that all of the defendants' witnesses are located in Michigan and not in Virginia, and that the evidence regarding the alleged transfers of receivership assets to the defendants will also be found in Michigan. The affidavits of defendants Karen O'Keefe and Kevin O'Keefe both state, "That all witnesses needed to be called by [the defendants] to properly defend this matter are located in Michigan, or upon information and belief, not located in the Commonwealth of Virginia." They also state, "That in order to properly defend this matter [the defendants] will need to rely on evidence which will be provided by previous business relationships, character relationships, banking relationships, family relationships and other relationships, all of which developed and exist in Michigan." Certainly,

if this court were to decide the motion to transfer solely on the basis of convenience to the defendants and their witnesses, it would grant the motion. However, "[i]nconvenience to the movants alone will not suffice . . . . Moreover, courts have usually required documentation that another forum is more convenient. They have refused to transfer on the basis of conclusory affidavits that trial where suit was brought would cause great expense and require importation of witnesses, demanding that the moving parties show what helpful testimony the distant witnesses would provide." *Sohns*, 392 F. Supp. at 1217.

The other factors involved militate against transfer. Much of the evidence in this case is likely to consist of documents, especially bank records, whose accessibility is unlikely to be affected by the choice of venue. A potentially key witness in this case, Terry Dowdell, is incarcerated at the federal prison in Beckley, West Virginia.[3] It would certainly be easier for the government to transport him to Charlottesville, Virginia than to Michigan. Of course, the Receiver's offices are located in Richmond, Virginia.

Most importantly, the main case which gave rise to the appointment of the Receiver, *SEC v. Dowdell*, was filed and is being adjudicated in this court, as was the criminal prosecution of Terry Dowdell. These cases were brought here because Dowdell perpetrated his fraud scheme primarily from the Charlottesville area. The Receiver, who was appointed by this court, has filed approximately twenty-two actions in this court seeking to recover receivership assets, including

---

[3] The defendants characterize Dowdell as the "Defendants' main witness," despite their contention that all their witnesses are in Michigan. Perhaps they mean to say that they expect Dowdell to be the Receiver's main witness. The Receiver and the SEC have introduced affidavits by Dowdell in related cases.

9

the instant case. All of these cases are related to each other and are ancillary to the main case, *SEC v. Dowdell*. As a result, this court is thoroughly familiar with the circumstances and background of this case, including the history of the fraudulent Dowdell investment scheme and the appointment of the Receiver to recover receivership assets. The cases brought by the Receiver in this court share many similar issues, many of which this court has already ruled on. Keeping these related cases together in this district will therefore promote the uniform treatment of similar cases.

For these reasons, while the balance of convenience cuts both ways, the interests of justice require that this case be retained in this district.

An appropriate order shall this day issue.

ENTERED: *[signature]*
Senior United States District Judge

11 May 2005
Date

10

Case 3:04-cv-00085-NKM-BWC   Document 20   Filed 05/11/05   Page 10 of 10   Pageid#: 100